UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KAREN MAYS,

        Plaintiff,

v.                                    ACTION NO. 2:13cv61

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Plaintiff brought this action under 42 U.S.C. §§ 405(g), seeking judicial review of the decision of the Commissioner of Social Security to deny her claim for disability and disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference filed April 30, 2013.

### I. PROCEDURAL BACKGROUND

Karen Mays ("Ms. Mays") filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") with the Social Security Administration on March 10,

2010. R. 83-88.[1]  Ms. Mays alleged an onset of disability as of April 23, 2008, due to Hepatitis C, injury to her left leg, and hypertension. R. 107.  Her applications were denied initially and on reconsideration. R. 52-72, 75-77.

A hearing before an Administrative Law Judge ("ALJ") was held on October 18, 2011. R. 467-91.  Finding Ms. Mays was not disabled, the ALJ denied the claims for DIB and SSI on November 14, 2011. R. 8-22.  The Appeals Council of the Office of Hearings and Appeals of the Social Security Administration denied Ms. Mays's request for review. R. 4-6.  This makes the ALJ's decision the final decision of the Commissioner subject to judicial review here, pursuant to 42 U.S.C. § 405(g).

Ms. Mays filed a complaint on February 7, 2013, seeking judicial review of the decision of the Commissioner denying her claim for DIB and SSI.  Defendant filed an answer on April 19, 2013. ECF Nos. 3, 8.  Ms. Mays submitted an affidavit of poverty, and the court has granted Ms. Mays's application to proceed *in forma pauperis*. ECF Nos. 1, 2.

On May 1, 2013, the undersigned entered an Order directing Ms. Mays to file a motion for summary judgment by May 31, 2013. ECF No. 11.  Ms. Mays failed to comply with the order, and Defendant filed a Motion to Dismiss for lack of prosecution on June 7, 2013. ECF No. 12.  Defendant sent a copy of the motion along with a *Roseboro* notice to Ms. Mays, explaining that the court possesses the ability to dismiss this action on the basis of Defendant's motion if Plaintiff does not file a response within twenty-one days. ECF No. 14.

In addition, the undersigned entered a second order on June 10, 2013, ordering Ms. Mays to file an explanation and show cause why the undersigned should not recommend to the United

---

[1] "R." refers to the Administrative Record.

States District Court Judge that her Complaint be dismissed for failure to prosecute and to comply with the Rules and Order of the Court. ECF No. 15. Ms. Mays was given until June 24, 2013 to file her explanation and motion for summary judgment. The Court has received no further documents from Ms. Mays since the submission of her Complaint on February 7, 2013.

## II. ANALYSIS

By Order entered May 1, 2013, Ms. Mays was directed to file a motion for summary judgment by May 31, 2013. Ms. Mays was then given until June 24, 2013, to file her motion for summary judgment and explain to the Court the reason for failing to comply with the original order. Despite these orders, Ms. Mays has failed to file a motion for summary judgment or any explanation for her failure to so file. Ms. Mays has failed to prosecute this case and comply with the orders of this Court. Therefore, the case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that the Complaint be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A

party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
July 23, 2013

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Karen Mays
358 E. Onley Rd.
Norfolk, VA 23510

Kent P. Porter, Esq.
United States Attorney Office
101 W. Main St.
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

July 23, 2013